Read, J.
The whole question in this case is, whether, the appellant having been discharged, the sureties in the appeal bond shall remain responsible; whether decree of the Court, that a certain sum shall be charged upon the assets of the appellant, in the hands of his assignee in bankruptcy, will authorize a general execution, so as to fix the liability of the bail' under the statute.
*473 The statute authorizing and giving validity to appeal bonds, contemplates a decree or judgment against the appellant, and an effort at satisfaction by execution against him, before the bail can be held liable. In this case, the bankrupt law has stept in and withdrawn the principal liability, and discharged the debt, except so far as the assets in the hands of the assignee, distributed pro rata among creditors, will pay it. — ■ After the appellant has become a certificated bankrupt, no decree or judgment can be rendered against him. He is withdrawn from the action of the Court, and discharged from the debt, which is transferred over upon his assets. Now, if the debt or obligation to pay is transferred to the assets of the principal, why should it remain against the bail ? Because, it is said, the bail, by their bond, obligated themselves to pay whatever should be adjudged or decreed against their principal. But nothing has been adjudged or decreed against the principal. The effect of the whole matter was to discharge the principal, and hold his assets.
Thus, by operation of express law, the whole relations of the parties have been changed. The intent of the bankrupt law was to affect the rights of the party to whom the debt was due.— Why, then, should the creditor, to whom the debt is due, withdraw himself from the operation of the law, and substitute the appeal bail for his debt ? His debt is paid in the manner pointed out by the bankrupt law. Why should it be permitted'to exist, by being withdrawn from that law, to its full extent, against the bail? The equities between the bail and appellee are equal, and the appellee held his debt subject to the contingency of bankruptcy. The risk is his: all debts are held subject to this contingency, if it happen by the exertion of a bankrupt law. The bail bond, therefore, should be construed strictly; and unless decree or judgment should go against the appellant, and a general execution for satisfaction, as contemplated by our own statute, the bail must be discharged. It may be said the act of bankruptcy contemplated a prosecution of suits by the assignee, already commenced by the bankrupt. This does riot alter the *474 matter. If the assignee prosecute for creditors generally,, costs at least-should.- come, out of the assets going to the- general- creditors. This prósécütion should not be at the risk-of the appeal 'bail. It is'1 said that this- is like- a case of death, arid a prosecution by representatives.- It is not like it at all. Death operates upon the life;, of the p'érsón, and the' bankrupt law upon the obligation to-pay. The one leaves the debt in full force; the other satisfies-it in a particular form.. . Hence.it is apparent the cases are nót análagous.
We are' of opinion that the Supreme Court erred in affirming the judgment of' the . Common Pleas, and therefore reverse thejudgment. ■' ,
Birchard, J:; having been of counsel with one-of the parties in the causé, took'nó'-part in this decision. - '
Hitchcock, J., dissented.